IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| In re: | ) | Case No. 18-57442 |
| | ) | |
| John A. Ross, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Preston |
| | ) | |
| Creditor: U.S. Bank National Assoc., *et al.* | ) | |
| Servicer: SN Servicing Corporation | ) | |
| Address: | ) | |
| 323 Fifth Street | ) | |
| Eureka, CA 95501 | ) | |

### OBJECTION OF UNITED STATES TRUSTEE TO CLAIM OF U.S. BANK NATIONAL ASSOCIATION, *et al.* (Claim No. 6-1) and RELATED NOTICE OF PAYMENT CHANGE (Docket No. 73)

Andrew R. Vara, United States Trustee ("U.S. Trustee") for Regions 3 and 9, objects to Claim No. 6-1 of U.S. Bank National Association, *et al.* ("Claimant"), by and through its mortgage loan servicer, SN Servicing Corporation. The U.S. Trustee specifically objects to the Notice of Mortgage Payment Change indelibly linked to Claimant's claim 6-1, and filed at Docket No. 73. The U.S. Trustee moves this Honorable Court for an order disallowing, in part, the Notice of Mortgage Payment Change sought at Docket No. 73.

### MEMORANDUM IN SUPPORT
### I. VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. § 1409. This matter is a core proceeding.[1]

### II. STANDING

2. Any "party in interest" may object to a proof of claim.[2] The United States Trustee is a party in interest.[3] The UST "may raise and may appear and be heard on

---

[1] 28 U.S.C. § 157(b)(2)(B).

[2] 11 U.S.C. § 502(a).

[3] *A-1 Trash Pickup, Inc. v. United States Trustee* (*In re A-1 Trash Pickup, Inc.*), 802 F.2d 774, 775 (4th Cir. 1986) (holding United States Trustee a "party in interest" with standing to file a motion to dismiss or convert under § 1112).

any issue in a case or proceeding…but may not file a plan."[4]

3.    Debtor may lack the incentive to raise the issue argued herein because objecting may not impact the net amount he must pay into the Plan over time. However, if the Claimant's claim cannot be verified, or is filed out of Rule, and Debtor pays Claimant more than what is actually due, then unsecured creditors likely will receive less. Therefore, it is wholly appropriate for the U.S. Trustee to raise the issue herein either absent Debtor's own objection to the claim, or not.   In this instance no other objection has yet been filed.

### III. FACTS

4.    Debtor filed his petition for relief under Chapter 13 of the United States Bankruptcy Code on November 27, 2018 (Docket No. 1).   The first meeting of creditors was held on January 2, 2019.

5.    Debtor's Amended Chapter 13 Plan (Docket No. 39) was confirmed on July 9, 2019 (Docket No. 42).

6.    On February 5, 2019, Claimant filed a Proof of Claim ("POC") asserting an arrearage claim in the total amount of $23,106.62.   The POC provides that the claim is based on money loaned and secured by real property which serves as Debtor's primary residence.   Of that amount, $12,793.97 is claimed as an escrow deficiency for funds advanced, and $5,258.78 is claimed as an escrow shortage (for an aggregate of $18,322.75)(*see,* Court Claims Register, Claim No. 6-1, page 4).

7.    On December 1, 2021, Claimant filed a Notice of Mortgage Payment Change ("NPC") that increases Debtor's escrow payment from $861.91 per month to $1,239.53 per month (*see,* Docket No. 73, page 1).

8.    Of that $1,239.53 proposed escrow payment, $171.42 is for a "shortage amount" designed to repay the proposed escrow shortage of $8,244.61 over 48 months (*see,* Docket No. 73, pages 5 and 6).

9.    Importantly, Claimant did not file an NPC for the escrow cycle years of 2019 and 2020.   Escrow adjustments for those escrow cycle years were not properly noticed.   Therefore, it is unknown how much of the proposed escrow shortage of

---

[4] 11 U.S.C. § 307; see also 28 U.S.C. § 586(a)(5).

$8,224.61 was carried over from those years to this most recent escrow analysis cycle.

10. Further, review of the escrow analysis attached to the NPC suggests that Claimant did not credit Debtor for at least a portion of pre-petition escrow to be repaid via the POC.

11. The U.S. Trustee's review of the NPC postulates that: (1) Claimant seeks to capitalize and collect on an at least some portion of an escrow shortage which carried over from the years 2019 and 2020 escrow analysis cycles when Claimant failed to file NPCs and properly notice escrow adjustments, and/or, (2) Claimant did not credit the NPC escrow analysis for amounts to be repaid to escrow via the POC escrow arrears portion in aggregate of $18,322.75.

12. Claimant, until very recently, failed to properly notice escrow adjustments after the filing of the Proof of Claim.

13. Claimant's failure to properly credit the current escrow analysis for amounts to be repaid to escrow via the POC arrears creates a doubling of that claim recovery.

## IV. OBJECTION

14. The U.S. Trustee objects to Claimant's POC and/or NPC because "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured."[5] Generally, a properly filed POC has prima facie validity under § 501, § 502, and Federal Rule of Bankruptcy Procedure 3001.[6]

15. In 2011, the Federal Rules of Bankruptcy Procedure were amended to include Rule 3002.1, which provides (in pertinent part):

> **Rule 3002.1 Notice Relating to Claims Secured by Security Interest in the Debtor's Principal Residence**
>
> (a) In General.   This rule applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan.

---

[5] 11 U.S.C. § 502(b)(1).

[6] *See, e.g. In re Fidelity Holding Co.*, 837 F.2d 696, 698 (5th Cir. 1988).

(b) Notice of Payment Changes.   The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due.

(c) Notice of Fees, Expenses, and Charges.   The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence.   The notice shall be served within 180 days after the date on which the fees, expenses or charges are incurred… (emphasis added)

16.     Rule 3002.1 provides important protections.   For example, the rule permits a creditor to file a Notice of Payment Change to cover additional amounts over and above those known at the time of plan confirmation in exchange for a creditor providing adequate and timely notice to the court, the debtor, the debtor's counsel, and the trustee.[7]   This is necessary to "permit the debtor or trustee to challenge the validity of any . . . charges . . . and to adjust postpetition mortgage payments to cover any undisputed claimed adjustment."[8]

17.     Similarly, the rule permits a creditor to file a Notice of Fees, Expenses, and Charges, in exchange of providing the debtor, debtor's counsel and the trustee the ability to assess the validity, amount, and origination of the fees, expenses, and charges being claimed.[9]  It provides a mechanism for review of the expenses claimed and an avenue for objection.   Those amounts then are paid over the course of the Plan, or outside of the Plan, as determined by local rule, function of law or accepted practice.

18.     Claimant's NPC in this case was timely and is, therefore, procedurally correct.   However, the payment increase in the NPC related to an escrow shortage is erroneous as it increases Debtor's escrow payment by a prorated $171.42 per month to recoup escrow shortage which Claimant failed to properly notice in 2019 and 2020,

---

[7] FED. R. BANKR. P. 3002.1(b).

[8] 2011 Advisory Committee Note to Rule 3002.1.

[9] FED. R. BANKR. P. 3002.1(c).

and/or to falsely recoup that portion of the escrow which is in fact part of the original Claim.

19. While the Rule does not specifically address mathematics, it does allow for review by trustees and debtors. Absent an objection by the trustee or debtors, the United States Trustee, as a party in interest, may seek to step forward and be heard. In particular, when issues of a material and substantive nature are discovered or suspected, it is imperative that the Court be appraised as harm may come to debtors or other creditors if left unaddressed during the pendency of the Plan. In this case, the monthly payment increase is both substantive and material.

20. Claimant is attempting to recover the escrow shortages, in an as of yet undetermined amount, which it effectively waived by failing to notice escrow adjustments in 2019 and 2020 escrow analysis cycles, and/or Claimant is attempting to recover the escrow shortage twice by virtue of listing the deficiency in the POC in the aggregate amount of $18,322.75, as well as accounting for the shortage in the NPC totaling $8,214.61. Claimant should not be permitted to collect monies to which it is not entitled. If Claimant did collect those monies, an escrow overage would eventually result. Such runs counter to sound fiscal practice and draws away funds that may otherwise be available to other creditors.

## V. CONCLUSION

21. Claimant's escrow analysis used to vet the NPC is erroneous and seeks to (1) incorporate escrow adjustments which were not properly noticed in 2019 and 2020, and (2) accelerate repayment of a pre-petition escrow shortage. Accordingly, the NPC should be stricken and Debtor's mortgage payment as of January 1, 2022, should be set at $1,331.66 (which reflects principal and interest of $263.27 and ongoing escrow payments for future taxes and insurance of $1,068.39).

WHEREFORE, the United States Trustee respectfully requests that this Honorable Court sustain his objection and

(1) disallow Claimant's NPC (Docket No. 73), in part;
(2) disallow the proposed escrow shortage on the NPC in the amount of $8,214.61;
(3) set Debtor's monthly mortgage payment at $1,331.66 ($263.27 for P&I and $1,068.39 for escrow);

(4) order Claimant to adjust its records to reflect the reduction;

(5) order Claimant to rerun an escrow analysis consistent with the objection herein; and,

(6) grant such other relief as this Honorable Court deems just and proper.

Dated: December 7, 2021         ANDREW R. VARA
                                UNITED STATES TRUSTEE FOR REGIONS 3 AND 9

                                */s/ Pamela Arndt*
                                Pamela Arndt (0068230)
                                Attorney for the U.S. Trustee
                                170 North High Street, Suite 200
                                Columbus, OH   43215
                                Telephone:  (614) 469-7411 ext. 228
                                Facsimile:  (614) 469-7448
                                Email:  Pamela.D.Arndt@usdoj.gov

## NOTICE OF OBJECTION TO CLAIM

The United States Trustee has filed papers with this Court requesting the relief sought in the OBJECTION enclosed with this NOTICE.

YOUR RIGHTS MAY BE AFFECTED.   You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.   If you do not have an attorney, you may wish to consult one.

If you do not want the Court to grant the relief requested in the enclosed OBJECTION, or if you want the Court to consider your views on the OBJECTION, **then on or before January 7, 2022**, you or your attorney must:

1.   File with the Court a written response to the OBJECTION expressing your objection or viewpoint.   The response is to be filed with the Clerk of the United States Bankruptcy Court at 170 N. High Street, Columbus, OH 43215.   If you mail your written response to the Court for filing by the Clerk, you must mail it early enough so that the Court will receive it on or before the date stated above.

2.   You must also mail a copy of the written response to the Debtors and her Attorney at the addresses listed on the front of the paper entitled Certificate of Service.

3.   You must also mail a copy of the written response to The United States Trustee, ATTN: Pamela Arndt, 170 N. High Street, Suite 200, Columbus, OH 43215

4.   You must attend any Court hearings scheduled to consider this OBJECTION. The Court will likely schedule an oral hearing and serve only those parties which have in fact filed a response.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the OBJECTION and may enter an order granting that relief.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2021, a copy of the foregoing OBJECTION OF UNITED STATES TRUSTEE TO CLAIM OF U.S. BANK NATIONAL ASSOCIATION, et al. (Claim No. 6-1) and RELATED NOTICE OF PAYMENT CHANGE (DN 73) was served (1) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (2) on the following by ordinary U.S. Mail addressed to:

John A. Ross
6503 Buckner Street
Canal Winchester, OH 43110

Michael A. Cox, Esq.
3478 High Street
Suite 100
Columbus, OH 43214

U.S. Bank National Association
c/o SN Servicing Corporation
323 Fifth Street
Eureka, CA 95501

Atlas Acquisitions, LLC
294 Union St.
Hackensack, NJ 07601

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

                                                          */s/ Pamela Arndt*
                                                          Pamela Arndt